Judge Chin and I are very fortunate to have with us Judge Jeffrey Meyer of the District Court, Connecticut. Counsel are all here. We'll hear Vested Business Brokers. You might go in front of the mic. It's usually pretty loud, but I'll stand right up here anyway. I represent Vested Business Brokers in this case. This is a case that alleges abuse of power at the highest levels of the Suffolk County Police Department. And it is a case that alleges the same sort of abuse that has seen the chief law enforcement officials in that county both indicted and imprisoned. Specifically, the allegation is that the Suffolk County Police Department conspired with an individual to cover up proof of a crime to benefit that individual have powerful law enforcement ties. Can I ask you just at the outset, I'm trying to find in your complaint, your allegation that the police department told Vested Business Brokers not to file a civil suit because it would interfere with their criminal investigation. Where in your complaint can that be found? I think it is at the Appendix 18, Paragraph 43. And there is an allegation later on specifically referring to Detective Gabriel. I believe it's at Paragraph 40, Appendix 17. But I will say this, Judge, most respectfully, I do not believe that the complaint in this to present the true gravamen of what is obviously the complaint in this case. But isn't that a problem for us? It is a problem for you, Judge. I won't deny it, and I'm prepared to admit it, but I'm prepared to argue that the court in its discretion can permit a repleting of this complaint premised on what is obvious from the facts which are stated in this complaint. I mean, I think what you're conceding, and I very much appreciate this, that your complaint does not say what your brief is alleging. And you want us to basically have a re-argument where the complaint itself does not make the to this case. I think that a replete of the complaint would be necessary to withstand a motion to dismiss at the stage that Judge Locke found it at. Did you seek leave to amend below? He did not. The attorney who was handling this matter did not seek leave to replete. You mind if we hold for a few more moments, Judge? Sure. Okay. So, as we were discussing, the real gravamen of the complaint here, and where this complaint ran aground, the real gravamen of the damage done to vested business brokers, is that they were duped, they were tricked, they were deceived into not proceeding with the civil case against Mr. Carroll and Bridge premised on the idea— I have a little difficulty understanding the legal theory behind the claim. Is there a due process right to have someone prosecuted? I'm not quite sure what the claim is. Very good question, Judge. I'm glad you asked that. The due process claim is that they were tricked into giving up the ability to prosecute a civil claim for money damages against Bridge. They were tricked and they were deceived by the conspiracy of these defendants into blowing, missing the statute of limitations. They would have brought an action immediately if they hadn't been told by the Suffolk County Police Department. So, they're tricked into giving up a civil claim for money damages. Is that a tort? Is that a constitutional claim? I mean, I'm trying to put it into the right place. I believe most respectfully, Judge, that when that is occasioned by a conspiracy between private individuals and a public authority, that it makes a valid 1983 cause of action. I don't see any other way to characterize it. They had that right. It was a due process right, right to their day in court, and they were duped into giving that up by the defendants in this case. And is there authority for such a claim? I believe that I cited authority in my brief, Your Honor. You cite the Veltri case at page 13 of your brief. It's an ERISA case. It doesn't even involve state actors, does it? Well, the plaintiffs in this case or the appellants in this case do have a right to proceed on the state court claims in state court. But I believe that the reasoning of Judge Bianco, who's dealing with an almost identical case against the same parties in this action, indicates that this case would be better served proceeding in the federal court under Statute 1983 and possibly consolidated with the case before Judge Bianco. It's the same allegations that Judge Bianco is dealing with, with a slight difference. In that case, it's alleged that Carroll, conspiring with the Suffolk County Police Department, conspired to have his own wife unlawfully arrested. She's got a lot clearer claim than my clients do with their allegations that they were not able to bring a timely state court action or a civil court action for money damages. But it's the exact same thing. It's the same defendants. It's the same conduct. It's the same abuse of power. It's the abuse of power of people in high-level positions in Suffolk County going to the aid of someone who they have a financial interest in and protecting him from the consequences of criminal conduct. So if there's not, as Judge Chin has suggested, if there's not authority or a case on point that recognizes that it's a due process violation or some other constitutional violation for the conspiracy to occur that essentially leads your clients down the road towards not filing a civil complaint, would, in the absence of that clearly established law, would qualified immunity bar your claim? I don't believe that the defendants in this case could receive qualified immunity for intentionally deceiving a civil litigant into foregoing the most basic right to have their day in court. It may be that I'm asking this court to create new law, which I never like to be in that position. But it's a very unusual set of circumstances. I've been practicing a while and I've never quite seen. But if you're asking us to create new law, then why wouldn't there be qualified immunity? Because it's not clearly established. That's a good point, Judge. You had me on that one. But I don't see how it could be believed as a law enforcement official, under any reasonable set of circumstances, that when you're acting in bad faith to prevent somebody from having their day in court, that that's something that you should receive or can receive immunity for. So I will sum up- What is the factual support for the allegation of bad faith in the complaint? What's alleged in the complaint? Alleged in the complaint- Show bad faith or fraud or misrepresentation by the Suffolk County Police Department. Suffolk County Police Department was in possession of evidence that clearly demonstrated that the crime of commercial bribery had taken place. The Suffolk County Police Department sat on that information, according to the allegations in the complaint, for years and years and years, and represented it to the appellants in this case that they had nothing to worry about, that there was no reason to bring a civil action. And in fact, that a civil action could impair the investigation that the police were going through. That is an allegation which goes right to the heart of whether or not they're abusing their power to deny someone to have their day in court, and whether or not they should be permitted to go forward with that conduct. I think that the reason of Judge Bianco, when he deals with each one of these claims, is applicable to the case at bar, and I think that his reasoning, which sustained the Class of 1 claim, and sustained the 1983 claims, and sustained the comparison claims, holds truth to the allegations in front of this Honorable Court as it did in front of him on that day. And I would just point out one more thing, and then I'll be seated. It was a Class of 1 when my clients started their action, but when I researched this matter and saw the exact same allegations against the exact same parties in the same courtroom, it's no longer a Class of 1, it's at least a Class of 2. Thank you for your courtesies this morning, gentlemen. Thank you. Good morning, your honors. My name is Dana Cobos for the Suffolk County Defendant's Appellees. The plaintiff has no claim here, and everything written in the appellant's brief is an attempt to go outside of the complaint to try to revive a facially deficient complaint. There are absolutely no allegations in the complaint that there was any sort of conspiracy or impeding by the police department in order to stop the plaintiff from filing a timely action. They were not restrained by the police, nothing was done to them, they simply chose not to file a timely action. So you contest those allegations? Definitely, yes. And if I could, just by way of context, could you say anything about whether the investigation of Caro is still active, whether it's still ongoing? What's the state of that? I'm not sure of that. I know that there were allegations in the complaint that when the evidence was retrieved in 2015, if vested business brokers came back with more evidence, that they had agreed that they would continue the investigation. But that's all I know about that. The plaintiff should not be able to replead the complaint. On the one hand, the plaintiff is saying, we were deceived and tricked into basically not filing a complaint, but on the other hand, they argue that, well, we thought that there would be an arrest, there would be a prosecution, and there would be a conviction. And then we would have a year after that conviction to file a complaint. So I don't understand how they can then take all those presumptions that there was going to be an arrest, there was going to be a prosecution, and the DA's office is not a party to this action, and then ultimately there was going to be a conviction. It just doesn't make sense, and it doesn't go along with the allegations that were made in this complaint. It's sort of like a last ditch effort to try to create something out of nothing. In terms of the Karen Caro case, that case is entirely different. It involves, despite what was said, it involves different parties during a different period of time. This had to do with a time period between 2007 through 2011. Karen Caro's arrest occurred in 2015. Richard Dormer was not even employed by Suffolk County Police Department anymore. And that case involves arrests of Karen Caro, which would be an alleged violation of an underlying constitutional right. Here, there is no underlying constitutional right. So it's entirely different, and really is not analogous to this case in any way. And for those reasons, the Suffolk County appellees believe that the district court got it right, and this court should affirm the decisions by the district court. Thank you. Good morning, your honors. I'm Michael J. Miller on behalf of the Caro Defendants, Caro Bridge and Arrow Security. I'd like to quickly, if I could, make three points. If you look at this complaint as it is pled, there's no information there that would allow this court or the court below to find that there was a conspiracy between these private citizens and the Defendants What you have solely here is an allegation that vested claims there was a theft from them of some type, or a bribery from them. They brought that information to the police, to Detective Gabriel. There is, in 2007 or 2008, there's no part of this complaint that says in 2007 or 2008 that Detective Gabriel knew personally the police commissioner or the police commissioner reached out to him during that time. There is no allegation that Caro knew the police commissioner or Detective Gabriel during that time. In fact, there's no allegation anywhere that Caro knew Gabriel personally. The only thing that connects them is that after Commissioner Dormer retired, he got a job with Arrow Security, which Caro is a principal of. And that happened sometime after 2011. So there's nothing that connects the acts in 2007 and 2008 with anything that went on after 2011. So that's the first point. There's nothing in here that establishes a conspiracy. My second point is that there's nothing in this complaint that shows that the plaintiffs were tricked into giving up their rights to proceed. I'd also note on that, however, that if that were correct, it would be, even if that were correct, it would have to do with the ability to bring a state law claim in state court. Essentially what they're suggesting is a desk sergeant, unnamed, not necessarily Gabriel, could talk to these people and establish by his actions a federal statute of limitations. I don't think that that should be the state of the law. They had rights that they could have defended at any time in the federal courts, if in fact they could make out the complaint. But it should not be reliant upon what a non-party or an individual unnamed may have told them under any circumstances. That is not legal advice. The last part of it is, is that the decision by Judge Bianco has to do with an entirely different case. Different policemen, different time frame, seven or eight years after this. And additionally, of course, there was an arrest, prosecution, and acquittal in that other case, which changes the parameters of it considerably. Thank you very much for your time. Good morning, your honors. May it please the court. My name is Gail Gerson. I'm the attorney for Defendant Appellee Zigmund Marsalek. The court has already heard from the other appellees as to why the district court's dismissal of the federal claims in this case was proper. Both on statute of limitations grounds, also on the merits. Those issues are set forth in our brief as well. I'd like to use my time here today to highlight a couple of key points as they relate to my client. As you may have noticed, Mr. Marsalek is, at best, a marginal character in this story. His name is mentioned all of two times in the 142 paragraph complaint. The brief on appeal doesn't mention him at all in the argument, which brings me to my first point. And that is that the plaintiff appellant here did not brief the dismissal. The district court's dismissal of the state law claims as against Marsalek or any other defendant. The district court, having dismissed the federal claims, declined to exercise supplemental jurisdiction as it is entitled to do in its discretion over the state law claims. The appellant's brief is completely silent on this issue. And the case law is well settled in this circuit that even where an appellant technically preserves an issue on appeal in their notice on appeal, the appellant abandons that issue by failing to properly address it in that brief. This court held as much in Chabad-Lebovich of Litchfield County versus Litchfield's Historic District Commission in 2014. So even if this court were to reverse the district court's dismissal of the federal claims, the state law claims cannot be revived. I would also note that the plaintiff appellant did not brief the issue of the dismissal of the federal claims as against my client. The appeal concerns only the section 1983 claims with respect to the alleged conspiracy between the Suffolk County Police Department and Mr. Caro. There's no mention of Mr. Marsalek in connection with that conspiracy, so I would argue that those claims are also abandoned. And finally, Your Honors, notwithstanding the abandonment of the state law claims, this court would have no basis to disturb the district court's decision to decline to exercise supplemental jurisdiction. Supplemental jurisdiction only permits a federal court to hear otherwise valid claims. It doesn't entitle a plaintiff to bring time-barred state law claims in federal court. And so it's really no surprise that the district court decided to bring in the time-barred claims. The events concerning Marsalek, as with all the other parties here, occurred in January 2007. There's a three-year statute of limitations on a claim for tortious interference with contract and a claim for misappropriation. Those claims would have had to have been brought in 2010. This complaint was filed six years too late. There's really no getting around that for the appellant. So unless the court has any other questions, for those reasons and the reasons stated in our brief, this court should affirm the district court's dismissal of all claims against Mr. Marsalek. Thank you. Thank you all for your arguments. The court will reserve decision. The clerk will adjourn court.